GALVESTON, H. & H. R. CO. v. BABNO.

(Court of Civil Appeals of Texas. San Antonio. Oct. 11, 1911. Rehearing Denied Nov. 1, 1911.)

1. MASTER AND SERVANT (§ 291*)—INJURIES TO SERVANT—ACTIONS—INSTRUCTIONS — APPLICABILITY OF EVIDENCE.

Where the petition alleged that plaintiff was in the employment of the defendant, and engaged in replacing old rails with new ones, and that an old rail was loosened, and that plaintiff and his colaborers under orders carried a new rail to replace it, and that just as they arrived at the desired place the boss ordered them to drop the rail, and the presence of the old rail prevented plaintiff from removing his foot, and it was crushed, and proof followed the pleadings, a charge on which the issue of defendant's negligence was based on the negligence of the boss in ordering the men to drop the rail was inapplicable to the issues.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1136–1139; Dec. Dig. § 291.*]

2. APPEAL AND ERROR (§ 231*)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—SPECIFICATION OF ERRORS.

Under rules 24, 25, 26 of the Court of Civil Appeals (67 S. W. xv), providing that the assignment of errors must specify the grounds of error, that a specification of error must point out that part of the proceeding in which the error is complained of, and that assignments of error expressed in general terms will not be con-

sidered, it is not improper practice for a losing party to claim error in all parts and paragraphs of the charge without specifying in the court below the particular error relied on.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1299, 1352; Dec. Dig. § 231;* Trial, Cent. Dig. § 689.]

Error from District Court, Harris County; W. P. Hamblen, Judge.

Action by Ross Babno against the Galveston, Houston & Henderson Railroad Company. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded.

Baker, Botts, Parker & Garwood, for plaintiff in error. Howard & Howard and Kennerly & Warnken, for defendant in error.

FLY, J. This is a suit for damages arising from personal injuries alleged to have been inflicted upon defendant in error through the negligence of plaintiff in error while he was in the service and employment of plaintiff in error as a section hand. The cause was tried by jury, and resulted in a verdict and judgment in favor of defendant in error for $818.-50. For convenience the parties will be designated plaintiff and defendant as they were in the trial court.

The plaintiff was an employé of defendant, and was engaged with nine others, under the direction and control of a foreman, in laying new rails on the track of defendant south of Harrisburg, Tex. The men had removed the old rail from the position it occupied on the track, and placed it near the end of the ties; the purpose being to afterwards use it on a side track. The men then took up a new rail with tongs used for that purpose, and, under orders of the foreman, hurriedly moved the new rail, and, while plaintiff was in such a position against the old rail that he could not move his foot out of the way, the foreman ordered the men to drop the rail. It fell on plaintiff's foot and injured him.

[1] It was alleged in the petition that the plaintiff was in the employment of the defendant, and engaged in tearing up and removing old rails and placing new ones in their place; that an old rail was loosened from the ties and moved about a foot toward the end of the ties; that plaintiff and his colaborers, acting under orders, carried a large new rail to place it in the space that had been occupied by the old rail, and "that just as the workmen had arrived at the desired place with said rail, and while plaintiff was in said position, the said old rail forming an obstruction or trap which hindered plaintiff from changing his position and getting out of the way, and while he and said fellow workmen were carrying and holding said heavy rail several feet above the ground preparatory to placing same on the ties of the said roadbed, the said boss, foreman, and vice principal, as aforesaid, well knowing of the

dangerous and perilous position of plaintiff; negligently failed to cause said rail to be lowered steadily and placed on said ties, and negligently ordered, directed, and commanded plaintiff and his fellow workmen to drop the said rail, meaning thereby to release same and let it fall, instead of easing it to the ties of said roadbed, and letting it down steadily and easily, and placing it on the ties, and the said workmen, obeying the said direction, order, and command, did drop the said rail, releasing same and letting it fall heavily, plaintiff being unable to prevent it or hold said rail alone, and plaintiff by reason of the said negligence in so causing the said rail to be so dropped, and by reason of the unsafe place so provided in which to work, and the trap or obstruction of the said old rail which had been by said defendants and their foreman so negligently placed near by as aforesaid, was unable to get his foot out of the way of said rail, and the same fell heavily on plaintiff's foot before he was able to get out of the way of said rail, whereby his foot was mashed and mangled, and all, or nearly all, of the bones of plaintiff's right foot were broken." It will be readily perceived that the foot of plaintiff was crushed by the falling new rail, and that there was no allegation that his foot was hurt by coming in contact with the old rail, and neither did plaintiff testify that he was so injured. The allegation as to the old rail was made merely to present the suggestion that defendant by placing the old rail as it did had rendered it impossible for plaintiff to escape from the falling rail. There were two causes of negligence alleged which concurring with each other produced the result—the first, the placing of the old rail too close to the place where the new rail was to be laid; and, second, the dropping of the new rail while the position of the old rail made it impossible to evade the impending danger.

Yet the court submitted the cause upon an entirely distinct and different issue from that presented by pleading and proof, and submitted it upon that issue alone. The charge is as follows: "Therefore, if you believe from the evidence that the agent of the defendant, the Galveston, Houston & Henderson Railroad Company, were repairing a road or putting iron in the road, and were changing old rails for new rails, and if you believe that the said agent caused the old rails to be placed in too great proximity to the place where the new rails were to be placed, and that when the employés of the said company approached the place where the said new rail was to be placed and in close proximity to the old rail which was left lying there, and if you believe that the said agent was negligent in leaving the said old rail in the place where it was, and if you believe from the evidence that the said agent, a person by the name of Terry McDonald, or known as Terry, gave an order that they should drop the said rail, and that the said rail was dropped by the said employés, and that the dropping of the said rail, as alleged in plaintiff's petition, caused a stepping backward by the plaintiff, and his foot came in contact with the said old rail, and thereby he was injured, and you believe that the said Terry was intrusted by the said defendant company or its agents with authority to direct or command the other men so employed assisting in the moving of the said rail, and the said person known as 'Terry' had authority to direct the other employés and the said plaintiff in the performance of their duty, and that the said person known as 'Terry' was negligent in giving the said command, if he did so give the same, in placing said old rail if he did so place same, and that the said order, if any, given by the said person known as 'Terry' was the proximate cause of plaintiff's injury, and you do not find that the plaintiff assumed the risk of the injury to himself, if he was injured, and was himself guilty of contributory negligence as hereinbefore defined, you will return a verdict in favor of the plaintiff." The jury must necessarily, if the charge was regarded, have rendered the verdict upon an issue neither presented by the pleadings, nor sustained by the proof, and this court is compelled to reverse the judgment. None of the other points presented by defendant is meritorious.

[2] It may be well to note that the grounds of complaint against the charge were not specified in the motion for new trial, nor in the assignments of error, but in the lower court the only attack on the charge was, "the court erred in paragraph (giving the number) of its charge," not even copying the charge assailed. The introductory part of the charge and each paragraph of it was so assailed and in no other manner. The motion for new trial was filed on April 10, 1910, and the assignments of error were filed on July 25, 1910, and not until March 25, 1911, were the specific complaints against the charge disclosed—almost a year from the time of the trial was given to counsel for defendant to dissect the charge and discover any possible error therein, and thereby retard the trial of the cause, and prevent a determination of the rights of the parties for nearly two years. Had defendant been compelled, as it should have been, to present the grounds of attack on the charge to the trial judge, doubtless the judgment would have been set aside, a new trial had, the rights of the parties properly litigated, and the ends of justice attained without the vexatious "law's delays" which so often trouble and harrass the citizen. No reproach or reproof is intended to counsel for the defendant. They have done nothing but what is justified and upheld by decisions of the court of last resort in Texas in its construction of its own rules. In the case of Land Co. v. McClelland, 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105, the rules are fully discussed, and the court in explaining away the force and effect of rule 24 (67 S. W.

xv), which requires that assignments of error "must distinctly specify the grounds of error relied on," says: "The evident purpose of rules 25 and 26 [67 S. W. xv] is to define and illustrate what is meant by rule 24. For example, when rule 25 says that the specification of error must point out, 'the portion of the charge given or refused,' it implies that, if such portion be distinctly specified, it shall be sufficient." Under that ruling a losing party can, as the defendant did in this case, claim error in every line of the charge and then spend months in seeking out and assailing any part of the charge. If the construction of the rules be correct, Texas evidently needs new and different rules, for the practice permitted under the present rules is not only unfair to the trial judge, but is grossly unjust to the opposite party. Common sense, reason, and justice would seem to dictate that a losing party should fully, clearly and specifically set forth every error relied on by him at a time and in a manner to protect the successful party in his rights, and at the same time be just and fair to the trial judge, who usually has enough burdens to bear without having concealed pitfalls dug in which to ensnare him.

The judgment is reversed and the cause remanded.